James C. Vlahakis
**Sulaiman Law Group, Ltd.**
2500 S. Highland Ave. Ste. 200
Lombard, Illinois 60148
Telephone: 630-575-8181
jvlahakis@sulaimanlaw.com

*Attorney for the Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Acelia L. Madril and James Kim<br><br>Plaintiffs,<br><br>v.<br><br>Andrew M. Ellis, Andrew M. Ellis Law, PLLC, E-Service, Inc., and Tanoshi Management, LLC, d/b/a Town Square Dental,<br><br>Defendants. | Case No. |

    **NOW COME** Plaintiffs, Acelia L. Madril and James Kim, by and through their counsel, James C. Vlahakis, and complaining as follows against Defendants Andrew M. Ellis, Andrew M. Ellis Law, PLLC, E-Service Inc. and Tanoshi Management, LLC, d/b/a Town Square Dental:

**I.**   **Parties, Jurisdiction and Venue**

    1.     Plaintiff Acelia L. Madril (at times "Madril" or "Plaintiff Madril") is a natural person, over 18-years-of-age, who at all times relevant, resided in Gilbert, Arizona.

    2.     Plaintiff James Kim (at times "Kim" or "Plaintiff Kim") is a natural person, over 18-years-of-age, who at all times relevant, resided in Gilbert, Arizona.

    3.     Plaintiffs Kim and Madril bring this civil action to redress Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

    4.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5.      Supplemental jurisdiction exists relative to Plaintiffs' state law claims. See, 28 U.S.C. § 1367.

6.      Defendant Andrew M. Ellis Law, PLLC ("Ellis Law") is a corporation organized and existing under the laws of the state of Arizona and maintains its principal place of business at 2601 N. 16th Street, Phoenix, Arizona 85006.

7.      Defendant Andrew M. Ellis ("Ellis") is a "Creditors' Rights Attorney" according to his LinkedIn webpage.  https://www.linkedin.com/in/andrew-ellis-2b6144a ("Can I help with a debt? You bet!").

8.      According to the Arizona Corporation Commission, Defendant Ellis is the sole member of Ellis Law.

9.      Defendant E-Service Inc. ("E-Service") is an Arizona Corporation, maintains its principal place of business at 1830 S. Alma School Road Blvd., #104, Suite 113, Mesa, Arizona, and is licensed to operate as a "collection agency" under A.R.S. § 32-1001(2)(a).

10.     Defendant Tanoshi Management, LLC is a corporation organized and existing under the laws of the state of Arizona and maintains an office in Gilbert, Arizona.

11.     Defendant Tanoshi Management, LLC, d/b/a Town Square Dental ("Defendant Town Square Dental" or "Town Square Dental") provides dental services to residents of within this judicial district.

12.     Defendant Ellis Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13.     Defendant Ellis is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because Ellis uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

14.     Defendant E-Service is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mail in its business – the

2

principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

15.    Venue is proper in this judicial district as all of the complained of conduct attributable to Defendants occurred within this district and because all of the Defendants conduct significant business in this district. See, 28 U.S.C. § 1391(b)(2).

**II. <u>Background Facts</u>**

16.    Plaintiffs Madril and Kim married on March 7, 2019.

17.    Plaintiff Madril received dental care services from Defendant Town Square Dental between April 15, 2019 and August 28, 2019.

18.    Plaintiff Kim has never received any dental care services from Defendant Town Square Dental.

19.    Prior to or at the time that Plaintiff Madril first received dental services from Defendant Town Square Dental, Town Square Dental asked for and obtained the name, group number and member ID associated with Madril's insurance provider, Delta Dental of California.

20.    In seeking the name, group number and member ID associated with Plaintiff Madril's insurance provider, Defendant Town Square Dental represented to Madril that it would submit all of her dental bills to her dental insurance provider.

21.    Plaintiff Madril relied on Defendant Town Square Dental's representation that it would submit all of her dental bills to her dental insurance provider and agreed to receive dental services from Town Square Dental based upon this representation.

22.    After Plaintiff Madril provided Defendant Town Square Dental with the name, group number and member ID associated with her insurance provider, Town Square Dental submitted certain bills to Madril's dental insurance provider.

23.    For example, in a state court collection suit filed against Plaintiffs by Defendants E-Service, Ellis and Ellis Law, Defendants E-Service, Ellis and Ellis Law allege that "Town Square Dental provided ACELIA L. MADRIL with services pursuant

to the Agreement and submitted bills to ACELIA L. MADRIL's dental insurer for services rendered."

24.     Defendant Town Square Dental, despite representing that it would forward all of Plaintiff Madril's bills to her dental insurer, did not submit all of its bills to Madril's dental insurance provider.

25.     By failing to forward all of Plaintiff Madril's bills to her dental insurer, Defendant Town Square Dental breached its duties and obligations to Madril.

26.     By failing to forward all of Plaintiff Madril's bills to her dental insurer, Defendant Town Square Dental caused Plaintiff Madril to incur unnecessary charges where the charges would have been paid by Madril's dental insurance provider.

27.     On at least one occasion, Defendant Town Square Dental overcharged Plaintiff Madril for dental services.

28.     Defendants E-Service, Ellis and Ellis Law have claimed that "[i]n 2019 Town Square Dental assigned Plaintiff the Agreement."

29.     Defendants E-Service, Ellis and Ellis Law have sued the Plaintiffs in state court to collect funds that Defendants claim Plaintiff Madril owes.

30.     As a result of billing Plaintiff Madril for dental services, and despite not submitting all of its bills to Madril's dental insurance provider, Defendant Town Square Dental regarded Madril as being obligated to reimburse Town Square Dental for certain dental services (hereafter the "Subject Debt").

**II.     The Alleged Acquisition of the Subject Debt**

31.     Defendant E-Service, by and through Defendants Ellis and Ellis Law, claims to have acquired the Subject Debt.

32.     According to an email sent by Defendants Ellis and Ellis Law, "[i]n October 2019, Town Square Dental sent [Plaintiff Madril's] account to E-Service, Inc. ("ESI"), a third-party debt collector. ESI attempted to collect the debt by sending letters and calling you.  In July 2020, ESI sent your account to our law firm."

4

33.    Defendants E-Service, Ellis and Ellis Law regard the Subject Debt as being in a defaulted status.

34.    Defendants E-Service, Ellis and Ellis Law consider the Subject Debt to be a "debt" as this term is defined by 15 U.S.C. § 1692a(5).

35.    In attempting to collect the Subject Debt from Plaintiffs Madril and Kim, Defendants E-Service, Ellis and Ellis Law have considered each Plaintiff to be a "consumer" as this term is defined by 15 U.S.C. § 1692a(3).

36.    On behalf of Defendant E-Service, Defendants Ellis and Ellis Law have emailed Plaintiff Madril in an effort to collect the Subject Debt ("the Ellis Law Emails").

37.    The Ellis Law Emails conveyed information regarding the Subject Debt and were a form of "communication" as this term is defined by 15 U.S.C. § 1692a(2).

38.    On August 18, 2021, Ellis and Ellis Law emailed the following to Plaintiff Madril: "[u]nfortunately, you did not respond to the e-mail we previously sent you. We would prefer to work out a payment plan with you because LAWSUITS ARE EXPENSIVE."

39.    The August 18, 2021 email also contained the following language:

> The contract you signed with Town Square Dental states that "in the event your account is turned over to a collection agency for non-payment or other delinquency, you will be responsible for payment of any and all reasonable collection costs and/or attorney fees, in the addition to the balance owed." The amount currently due is $300.00.

40.    As discussed below, Plaintiff Madril does not owe the amount in question because Defendant Town Square Dental breached its duty and obligation to submit all of Plaintiff's bills to her dental insurer before seeking to the Subject Debt from her.

41.    Via email, Defendants Ellis and Ellis Law have demanded that Plaintiffs pay a collection fee of 36%.

42.    The Agreement that Defendants Ellis and Ellis Law have relied upon in their communications with Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay a collection fee of 36%.

43.     Via email, Ellis and Ellis Law have demanded that Plaintiffs pay an attorney fee of 25%.

44.     The Agreement that Defendants Ellis and Ellis Law have relied upon in their communications with Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay an attorney fee of 25%.

45.     In response to the wording of certain emails sent by Defendants Ellis and Ellis Law on behalf of Defendant E-Service, Plaintiff Madril informed Defendants Ellis and Ellis Law that she believed that Defendants Ellis and Ellis Law had violated certain provisions of the FDCPA.

46.     Concerned about legality of certain representations and threats made by Defendants E-Service, Ellis and Ellis Law, Plaintiffs retained counsel.

47.     On August 19, 2021, Plaintiffs, by and through counsel, contacted Ellis and Ellis Law to discuss mutually resolving the Subject Debt and certain violations of the FDCPA.

48.     Instead of substantively responding to Plaintiff's proposed resolution, on or about August 25, 2021, Defendants Ellis and Ellis Law filed a collection lawsuit in Maricopa County Justice Court on behalf of Defendant E-Service, Inc. and against Plaintiffs to collect the Subject Debt (at times "the E-Service lawsuit").

49.     The E-Service lawsuit was filed *within days* of Plaintiffs' counsel reaching out to Ellis and Ellis Law to resolve the Subject Debt and certain violations of the FDCPA.

50.     Just days before filing the E-Service lawsuit, on August 18, 2021, Defendants Ellis and Ellis Law claimed that "[t]he amount currently due is $300.00".

51.     Defendants E-Service, Ellis and Ellis Law filed the E-Service lawsuit in retaliation for Plaintiffs asserting potential violations of the FDCPA.

**III.     Plaintiffs Do Not Owe the Subject Debt**

52.     Because Defendant Town Square Dental failed to submit all of its bills to Plaintiff Madril's dental insurer, Plaintiffs do not owe the Subject Debt.

53.     By alleging in the E-Service lawsuit that "Town Square Dental assigned ... the Agreement" to E-Service, and by suing Plaintiff Madril to recover the amounts allegedly owed, Defendants Ellis, Ellis Law and E-Service are responsible for Defendant Town Square Dental's failure to submit all its bills to Plaintiff Madril's dental insurer.

54.     Because Defendant Town Square Dental overcharged Plaintiff Madril, Plaintiffs do not owe the Subject Debt.

55.     As an alleged assignee of the Agreement and the alleged debts, Defendant E-Service is liable for the errors and omissions of Town Square Dental.

56.     Because Defendant Town Square Dental did not submit all of its bills to Plaintiff Madril's dental insurer in violation of Town Square Dental's representations and obligations to Ms. Madril, Defendants Ellis, Ellis Law and E-Service are precluded from attempting to collect the Subject Debt.

**IV.     Defendants Are Not Entitled to Recoup Any Fees**

57.     As alleged in Paragraph 41, Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay collection fee of 36%.

58.     Further, because Defendant Town Square Dental failed to submit all of its bills to Plaintiff Madril's dental insurer, Plaintiffs are not obligated to pay a collection fee of 36%.

59.     As alleged in Paragraph 43, Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay an attorney fee of 25%.

60.     Further, Because Defendant Town Square Dental failed to submit all of its bills to Plaintiff Madril's dental insurer, Plaintiffs are not obligated to pay an attorney fee of 25%.

61.     Because Defendant Town Square Dental did not send all of its bills to Plaintiff Madril's dental insurer, Defendants Ellis, Ellis Law and E-Service are not entitled to recover "[b]ad check damages of $200.00 plus legal interest" as alleged in the E-Service lawsuit.

**V.    The Improper Disclosure of Madril's Confidential Dental Records**

62.    The Health Insurance Portability and Accountability Act ("HIPAA") precludes the release of health information to someone other than a patient, without the patient's authorization. 45 C.F.R. § 164.508(a)(1).

63.    A debt collector should disclose only the minimum information necessary. 45 C.F.R § 164.502(b) ("When using or disclosing protected health information . . . a covered entity must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request.").

64.    Defendants Ellis and Ellis Law improperly learned of and disclosed the specific types of dental services provided to Madril by Defendant Town Square Dental without her consent and in violation of the standard of care set forth by HIPAA.

65.    Defendants Ellis and Ellis Law violated Plaintiff Madril's right to privacy by improperly learning of and disclosing the specific types of dental services provided to Madril without her consent and in violation of the standard of care set forth by HIPAA.

**VI.    Defendant Ellis and Ellis Law's Threats to Deny Future Dental Care**

66.    Defendants Ellis and Ellis Law told Plaintiff Madril that she would be unable to obtain dental services from other dentists if she did not pay the Subject Debt.

**VII.    Causes of Action**

**Count I –Violations of the FDCPA**

67.    Plaintiffs reassert and reallege Paragraphs 1-66 as if fully set forth in this Count.

68.    Defendant Ellis Law regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

69.    As a result of the aforementioned conduct, Defendant Ellis Law is a "debt collector" as this term is defined by Section 1692a(6) of the FDCPA where Section 1692a(6) defines "debt collector" as "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

70.    Defendant Ellis is regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

71.    As a result of the aforementioned conduct, Defendant Ellis is a "debt collector" as this term is defined by Section 1692a(6) of the FDCPA where Section 1692a(6) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

72.    In addition to its collection activities related to Plaintiffs, Defendant E-Service is a business where its principal purpose is the collection of defaulted consumer debts.

73.    As a result of the aforementioned conduct, Defendant E-Service is a "debt collector" as this term is defined by Section 1692a(6) of the FDCPA and because the Subject Debt was in default status when the debt was allegedly obtained by E-Service.

74.    As alleged above, Plaintiff Madril does not owe the amounts in question because Town Square Dental did not comply with its obligation to send all of Madril's bills to her insurer.

75.    Defendants Ellis and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by wrongfully attempting to collect the Subject Debt from Plaintiff Madril where she does not owe any funds to any of the Defendants as a result of her being mischarged for the dental services she received from Defendant Town Square Dental.

76.    Defendants Ellis and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by wrongfully attempting to collect the Subject Debt from Plaintiff Madril where she does not owe any funds to any of the Defendants as a

result Defendant Town Square Dental failing to properly bill its services to Madril's dental insurance.

77.     Defendant E-Service violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by attempting to collect the Subject Debt from Plaintiff Madril where she does not owe any funds to any of the Defendants as a result of her being mischarged for the dental services she received from Defendant Town Square Dental.

78.     Defendant E-Service violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by wrongfully attempting to collect the Subject Debt from Plaintiff Madril where she does not owe any funds to any of the Defendants as a result of Defendant Town Square Dental failing to properly bill its services to Madril's dental insurer.

79.     Defendants E-Service, Ellis and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by attempting to collect a 36% collection fee that was expressly identified in any agreement entered into between Plaintiff Madril and Defendant Town Square Dental.

80.     Defendants E-Service, Ellis and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by attempting to collect a 25% attorney fee that was expressly identified in any agreement entered into between Plaintiff Madril and Defendant Town Square Dental.

81.     Section 1692e(11) of the FDCPA requires debt collectors to disclose that they are a debt collector in all communications to consumers.

82.     On March 27, 2021, on behalf of Defendant E-Service, Defendants Ellis and Ellis Law sent an email to Plaintiff Madril where the email failed to comply with Section 1692e(11).

83.     Defendants Ellis and Ellis Law violated Sections 1692d, 1692e(5) and 1692f of the FDCPA when Defendants Ellis and Ellis Law told Plaintiff Madril that she would be unable to obtain future dental services from other dentists if she did not pay the Subject Debt.

84.    Defendants Ellis and Ellis Law violated Sections 1692d, 1692e(5) and 1692f of the FDCPA when they improperly obtained and disclosed Plaintiff's confidential dental records in violation of her rights to privacy as set forth by HIPAA.

85.    Defendants Ellis, E-Service, Inc. and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by improperly attempting to collect the Subject Debt from Plaintiff Kim where he does not owe any funds to any of the Defendants as a result of Plaintiff Madril being mischarged for the dental services she received from Defendant Town Square Dental.

86.    Defendants Ellis, E-Service, Inc. and Ellis Law violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by improperly attempting to collect the Subject Debt from Plaintiff Kim where he does not owe any funds to any of the Defendants as a result of Defendant Town Square Dental failing to properly bill its services to Plaintiff Madril's dental insurer.

87.    Defendants Ellis, E-Service, Inc. and Ellis Law violated Section 1692i of the FDCPA by filing the E-Service lawsuit in an improper venue.

88.    As a result of Defendants' FDCPA violations, Plaintiffs have suffered economic damages in the form of damaged by being sued for a debt that they not owe, where defending themselves in response to the E-Service lawsuit has caused them to incur expenses and the loss personal time spent in an effort to defend their good names.

89.    As a result of Defendants' FDCPA violations, Plaintiffs have suffered economic damages in the form of filing costs and legal fees.

90.    Because of Defendants' conduct, Plaintiffs are entitled to actual damages along with statutory damages of $2,000 and reimbursement of costs incurred in defending themselves.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the following relief:

    a.    a declaration that Defendants Ellis Law and E-Service have violated Sections 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA;

b.  actual damages;

c.  statutory damages and costs; and

d.  reasonable attorney's fees and costs.

**Count II - Violations of the Arizona Consumer Fraud Act ("Act")**

91.    Plaintiff Maril reasserts and realleges Paragraphs 1-61 as if fully set forth in this Count.

92.    A.R.S § 44-1522(A) defines an unlawful practice as:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby ....

93.    A.R.S § 44-1521(5) defines "merchandise" to mean "any objects, wares, goods, commodities, intangibles, real estate, or *services*." (emphasis supplied).

94.    A.R.S. § 44-1521(7) defines "sale" to mean "any sale, offer for sale, or attempt to sell any *merchandise* for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale." (emphasis supplied).

95.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental asked Plaintiff Madril to identify her dental insurer.

96.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental represented that it would submit all of Madril's bills to her dental insurer.

97.    Defendant Town Square Dental induced Plaintiff Madril to receive dental services on the basis and understanding that Defendant Town Square Dental would submit all of Plaintiff Madril's dental bills to her dental insurer for potential coverage.

98.    Defendant Town Square Dental failed to submit one or more bills to Plaintiff Madril's dental insurer.

99.    The omitted bill or bills would have been paid by of Madril's dental insurer – *if* Town Square Dental had properly submitted the bill(s) to Madril's dental insurer.

100.    Defendant Town Square Dental's representation that it would submit all of Madril's dental bills to her insurer (and its failure to do so) constituted the use of deceptive act or practice, false pretense, false promise, misrepresentation, and/or concealment, suppression or omission of a material fact in connection with promotion of its dental services.

101.    Defendant Town Square Dental damaged Plaintiff Madril by causing her to incur charges she was not obligated to pay.

102.    Defendant Town Square Dental also damaged Plaintiff Madril because she has been sued by Defendants Ellis, Ellis Law, and E-Service to collect amounts she does not owe as a result of Defendant Town Square Dental failing to submit one or more bills to her insurer.

103.    Plaintiff Madril relied on Town Square Dental's representation that it would send all of its bills to her insurer.

104.    Plaintiff Madril would not have agreed to obtain dental services from Town Square Dental if she knew that Town Square Dental would not send all of its bills to her insurer.

105.    Plaintiff Madril does not owe the amounts in question because Town Square Dental did not send all of Madril's bills to her dental insurer.

106.    Town Square Dental's promise that it would submit  all of Plaintiff Madril's dental bills to her insurer constitutes a "sale" of "services" as "sale" is defined by A.R.A. § 44-1521(5) and how "merchandise" is defined to include "services" as defined by A.R.A. § 44-1521(7).[1]

---

[1] *See, e.g., Flagstaff Medical Center, Inc. v. Sullivan*, 773 F. Supp. 1325, 1362-63 (D. Az.1991) ("FMC's collection of payments -- if shown to violate the Act -- constitute merchandise"), affirmed in part, reversed in part, and remanded by *Flagstaff Medical Center, Inc. v. Sullivan*, 962 F.2d 879 (9th Cir. 1992). *See also*, *Schmidt v. American Leasco*, 139 Ariz. 509, 679 P.2d 532 (App. 1983) (consumer fraud found by billing recreational vehicle owner for damages which should have been paid by renters).

107.    Defendants Ellis, Ellis Law and E-Service violated the Act by attempting to collect monies from Plaintiff Madril where Madril does not owe the amounts in question.

108.    Alternatively, as the alleged purchaser of Plaintiff Madril's alleged debt, Defendant E-Service is responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

109.    As agents of Defendant E-Service, Defendants Ellis and Ellis Law are responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

110.    Because of Defendant Town Square Dental's underlying conduct, and the unlawful collection efforts of Defendants Ellis, Ellis Law and E-Service, Plaintiff Madril has suffered reputational damages and damages for the cost of having to defend herself from unlawful charges.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the following relief:

    a.  a declaration that Defendant Town Square Dental's conduct has violated the Act;

    b.  a declaration that Defendants Ellis, Ellis Law and E-Service violated the Act by attempting to collect an amount that is not owed by Plaintiffs, resulting from conduct attributable to Defendant Town Square Dental;

    c.  actual damages;

    a.  punitive damages, to the extent applicable; and

    d.  reasonable attorney's fees and costs.

**Count III – Breach of Contract**

111.    Plaintiff Madril reasserts and realleges Paragraphs 1-61 as if fully set forth in this Count.

112.    In agreeing to provide dental services to Plaintiff Madril, Defendant Town Square Dental asked Plaintiff Madril to identify her dental insurer.

113.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental promised that it would submit all of Madril's bills to her dental insurer.

14

114.    Defendant Town Square Dental induced Plaintiff Madril to receive dental services on the basis and understanding that Defendant Town Square Dental would submit all of Plaintiff Madril's dental bills to her dental insurer for potential coverage.

115.    Defendant Town Square Dental failed to submit one or more bills to of Plaintiff Madril's dental insurer.

116.    The bill(s) that Defendant Town Square Dental failed to submit to Plaintiff Madril's dental insurer would have been paid by Madril's dental insurer – *if* Town Square Dental had properly submitted the bill(s) to Madril's dental insurer.

117.    Plaintiff Madril was economically harmed by Defendant Town Square Dental's failure to submit all of her bills to her dental insurer.

118.    Defendant Town Square Dental harmed Plaintiff Madril by causing her to incur charges she was not obligated to pay.

119.    Defendant Town Square Dental harmed Plaintiff Madril because she has been sued by Defendants Ellis, Ellis Law, and E-Service to collect amounts she does not owe as a result of it failing to submit one or more bills to her dental insurer.

120.    Plaintiff Madril does not owe the amounts in question because Town Square Dental did not send all of Madril's bills to her dental insurer.

121.    As the alleged purchaser of Plaintiff Madril's alleged debt, Defendant E-Service is responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

122.    As agents of Defendant E-Service, Defendants Ellis and Ellis Law are responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

123.    Because of Defendant Town Square Dental's underlying conduct, and the unlawful collection efforts of Defendants Ellis, Ellis Law and E-Service, Plaintiff Madril has suffered reputational damages and damages for the cost of having to defend herself from unlawful charges.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the

following relief:

    a.  a declaration that Defendant Town Square Dental breached its contractual obligation to submit all of Plaintiff Madril's dental bills to her dental insurer;

    b.  a declaration that Defendants Ellis, Ellis Law and E-Service violated the Act by attempting to collect an amount that is not owed by Plaintiffs, resulting from conduct attributable to Defendant Town Square Dental;

    c.  actual damages;

    b.  punitive damages, to the extent applicable; and

    d.  reasonable attorney's fees and costs.

**Count IV - Negligent and Fraudulent Misrepresentations**

124.    Plaintiff Madril reasserts and realleges Paragraphs 1-61 as if fully set forth in this Count.

125.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental asked Plaintiff Madril to identify her dental insurer.

126.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental implied and expressly promised that it would submit all of Madril's bills to her dental insurer.

127.    Defendant Town Square Dental induced Plaintiff Madril to receive dental services on the basis and understanding that Defendant Town Square Dental would submit all of Plaintiff Madril's dental bills to her dental insurer for potential coverage.

128.    Defendant Town Square Dental failed to submit one or more bills to Plaintiff Madril's dental insurer.

129.    The omitted bill or bills would have been paid by of Madril's dental insurer – *if* Town Square Dental had properly submitted the bill(s) to Madril's dental insurer.

130.    Defendant Town Square Dental committed the tort of negligent misrepresentation by not submitting all of Plaintiff Madril's dental bills to her insurer.

131.    Defendant Town Square Dental committed the tort of fraudulent

misrepresentation by not submitting all Plaintiff Madril's dental bills to her dental insurer.

132.    Plaintiffs do not owe the amounts in question because Defendant Town Square Dental did not send all of Plaintiff Madril's dental bills to her dental insurer.

133.    Plaintiff Madril relied on Defendant Town Square Dental's representation that it would send all of its bills to her dental insurer.

134.    Plaintiff Madril would not have agreed to obtain dental services from Defendant Town Square Dental if she knew that Town Square Dental would not send all of its bills to her dental insurer.

135.    Defendants E-Service, Ellis and Ellis Law, claims that "Town Square Dental provided ACELIA L. MADRIL with services pursuant to the Agreement and submitted bills to ACELIA L. MADRIL's dental insurer for services rendered."

136.    As alleged above, this statement is false because Defendant Town Square Dental did not submit all of Plaintiff Madril's dental bills to her insurer in contrast to the representations and duties owed to Madril by Town Square Dental.

137.    Defendants Ellis and Ellis Law have demanded that Plaintiffs pay a collection fee of 36%.

138.    The Agreement that Defendants Ellis and Ellis Law have relied upon in their communications with Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay a collection fee of 36%.

139.    Defendants Ellis and Ellis Law have demanded that Plaintiffs pay an attorney fee of 25%.

140.    The Agreement that Defendants Ellis and Ellis Law have relied upon in their communications with Plaintiff Madril does not reflect that Madril is obligated to or otherwise agreed to pay an attorney fee of 25%.

141.    Because Defendants misrepresentations, conduct and omissions, Plaintiffs have suffered reputational damages and damages for the cost of having to defend themselves from charges that they did not incur.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the

following relief:

    a.  a declaration that Defendant Town Square Dental's representations and/or conduct constitutes a tort of negligent misrepresentation;

    b.  a declaration that Defendant Town Square Dental's representations and/or conduct constitutes a tort of fraudulent misrepresentation;

    c.  a declaration that Defendants E-Service, Ellis and Ellis Law's representations and/or conduct constitutes a tort of negligent misrepresentation;

    d.  a declaration that Defendants E-Service, Ellis and Ellis Law's representations and/or conduct constitutes a tort of fraudulent misrepresentation;

    e.  a declaration that Defendants Ellis, Ellis Law and E-Service, by and though the assignment of the subject debt from Defendant Town Square Dental, are liable for the negligent and/or fraudulent misrepresentations committed by Town Square Dental;

    f.  actual damages and punitive damages to the extent applicable; and

    g.  reasonable attorney's fees and costs.

**Count V – Breach of Covenant of Good Faith and Fair Dealing**

142.    Plaintiff Madril reasserts and realleges Paragraphs 1-61 as if fully set forth in this Count.

143.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental asked Plaintiff Madril to identify her dental insurer.

144.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental represented that it would submit all of Madril's bills to her dental insurer.

145.    Defendant Town Square Dental induced Plaintiff Madril to receive dental services on the basis and understanding that Defendant Town Square Dental would submit all of Plaintiff Madril's dental bills to her dental insurer for potential coverage.

146.    Defendant Town Square Dental failed to submit one or more bills to Plaintiff Madril's dental insurer.

147.    The omitted bill or bills would have been paid by of Madril's dental insurer – *if* Town Square Dental had properly submitted the bill(s) to Madril's dental insurer.

148.    Defendant Town Square Dental's representation that it would submit all of

Madril's dental bills to her insurer (and its failure to do so) breached its duty of good faith and fair dealing that it owed to Plaintiff Madril.

149.    Defendant Town Square Dental's representation took place where it had a special and/or fiduciary relationship with Plaintiff Madril as a result of Town Square Dental contracting with Madril provide dental services to Madril in exchange for monetary compensation.

150.    As a result of the special and/or fiduciary relationship that Defendant Town Square Dental had with Plaintiff Madril, Madril relied on Town Square Dental's representation that it would send all of its bills to her insurer.

151.    Plaintiff Madril would not have agreed to obtain dental services from Town Square Dental if she knew that it would not send all of its bills to her insurer.

152.    Defendant Town Square Dental harmed Plaintiff Madril by causing her to incur charges she was not obligated to pay.

153.    Defendant Town Square Dental harmed Plaintiff Madril because she has been sued by Defendants Ellis, Ellis Law, and E-Service to collect amounts she does not owe as a result of Town Square Dental failing to submit one or more bills to her insurer.

154.    Plaintiff Madril does not owe the amounts in question because Town Square Dental did not send all of Madril's bills to her dental insurer.

155.    As the alleged purchaser of Plaintiff Madril's alleged debt, Defendant E-Service is responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

156.    As agents of Defendant E-Service, Defendants Ellis and Ellis Law are responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

157.    Because of Defendant Town Square Dental's underlying conduct, and the unlawful collection efforts of Defendants Ellis, Ellis Law and E-Service, Plaintiff Madril has suffered reputational damages and damages for the cost of having to defend herself from unlawful charges.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the following relief:

    a.  a declaration that Defendant Town Square Dental breached its duties to Plaintiff Madril by failing to submit all of Madril's dental bills to her dental insurer;

    b.  a declaration that Defendants Ellis, Ellis Law and E-Service are liable for the conduct of Defendant Town Square Dental by virtue of E-Service attempting to acquire and collect the Subject Debt;

    c.  actual damages and punitive damages, to the extent applicable; and

    d.  reasonable attorney's fees and costs.

**Count VI – Promissory Estoppel**

158.    Plaintiff Madril reasserts and realleges Paragraphs 1-61 as if fully set forth in this Count.

159.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental asked Plaintiff Madril to identify her dental insurer.

160.    In providing dental services to Plaintiff Madril, Defendant Town Square Dental promised that it would submit all of Madril's bills to her dental insurer.

161.    It was reasonably foreseeable that Plaintiff Would Madril rely on Defendant Town Square Dental's promise.

162.    Plaintiff Madril did rely on Defendant Town Square Dental's promise and agreed to receive dental care from Defendant Town Square Dental based upon Town Square Dental's representation.

163.    Defendant Town Square Dental induced Plaintiff Madril to receive dental services on the basis and understanding that Defendant Town Square Dental would submit all of Plaintiff Madril's dental bills to her dental insurer for potential coverage.

164.    Plaintiff Madril relied on Defendant Town Square Dental's promise to her detriment because Defendant Town Square Dental failed to submit one or more bills to Plaintiff Madril's dental insurer.

165.    The omitted bill or bills would have been paid by of Madril's dental insurer – *if* Town Square Dental had properly submitted the bill(s) to Madril's dental insurer.

166.    As a result of the special and/or fiduciary relationship that Defendant Town Square Dental had with Plaintiff Madril, Madril relied on Town Square Dental's representation that it would send all of its bills to her insurer.

167.    Plaintiff Madril would not have agreed to obtain dental services from Town Square Dental if she knew that it would not send all of its bills to her insurer.

168.    Defendant Town Square Dental harmed Plaintiff Madril by causing her to incur charges she was not obligated to pay.

169.    Defendant Town Square Dental harmed Plaintiff Madril because she has been sued by Defendants Ellis, Ellis Law, and E-Service to collect amounts she does not owe as a result of Town Square Dental failing to submit one or more bills to her insurer.

170.    Plaintiff Madril does not owe the amounts in question because Town Square Dental did not send all of Madril's bills to her dental insurer.

171.    As the alleged purchaser of Plaintiff Madril's alleged debt, Defendant E-Service is responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

172.    As agents of Defendant E-Service, Defendants Ellis and Ellis Law are responsible for the above-described actions, representations and omissions of Defendant Town Square Dental.

173.    Because of Defendant Town Square Dental's underlying conduct, and the unlawful collection efforts of Defendants Ellis, Ellis Law and E-Service, Plaintiff Madril has suffered reputational damages and damages for the cost of having to defend herself from unlawful charges.

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the following relief:

    a.  a declaration that Defendant Town Square Dental's conduct in failing to submit all of Plaintiff Madril's dental bills to her dental insurer constituted the tort of promissory estoppel;

    b.  a declaration that Defendants Ellis, Ellis Law and E-Service are liable for the conduct of Defendant Town Square Dental by virtue of E-

Service attempting to acquire and collect the Subject Debt;

c.  actual damages and punitive damages, to the extent applicable; and

d.  reasonable attorney's fees and costs.

**Count VII – Violations of the Arizona Collection Agency Statute  ("ACA")**

174.   Plaintiffs reassert and reallege Paragraphs 1-66 as if fully set forth in this Count.

175.   Defendant E-Service is a licensed "collection agency" under A.R.S. § 32-1001(2)(a) which defines a collection agency as "[a]ll persons engaged directly or indirectly in soliciting claims for collection or in collection of claims owed, due or asserted to be owed or due."

176.   Defendant E-Service operated as a licensed "collection agency" in its interactions with Plaintiffs.

177.   A.R.S. § 32-1001(1) defines "claim" to mean "an obligation for the payment of money or its equivalent and a sum or sums owed, due or asserted to be owed or due to another, for which a person is employed to demand payment and collect or enforce such payment[.]"

178.   In attempting to collection the Subject Debt from Plaintiffs, Defendant E-Service considered the Subject Debt to be a "claim" as this term is defined by A.R.S. § 32-1001(1).

179.   Defendant E-Service's above described activities undertaken by itself and Defendants Ellis and Ellis Law to collect the Subject Debt from Plaintiffs was and is regulated by the ACA.

180.   Defendants Ellis and Ellis Law are both a "[p]erson" as this term is defined by A.R.S. § 32-1001(6).

181.   In attempting to collection the Subject Debt from Plaintiffs, Defendant E-Service considered the "Subject Debt" to be a "claim" as this term is defined by A.R.S. § 32-1001(1).

182.    The above described collection activities undertaken by Defendants Ellis and Ellis Law was and is regulated by the ACA.

183.    A.R.S. § 32-1051(3) requires collection agencies to "deal openly, fairly and honestly in the conduct of the collection agency business."

184.    Defendant E-Service's above described conduct violated A.R.S. § 32-1051(3).

185.    The prohibitions of A.R.S. § 32-1051(3) apply to lawyers and law firms by and through A.R.S. § 32-1004(A).

186.    Defendant Ellis' above described conduct violated A.R.S. § 32-1051(3).

187.    Defendant Ellis Law's above described conduct violated A.R.S. § 32-1051(3).

188.    A.R.S. § 32-1051(4) prohibits collection agencies from "attempt[ing] to collect any collection fee, attorney's fee, court cost or expenses unless the fees, charges or expenses are justly due from and legally chargeable against the debtor, or have been judicially determined[.]"

189.    A.R.S. § 32-1051(4) also prohibits collection agencies from "engage[ing] in any unfair or misleading practices or resort[ing] to any oppressive, vindictive or illegal means or methods of collection."

190.    Defendant E-Service's above described conduct violated A.R.S. § 32-1051(4).

191.    A.R.S. § 32-1055(D)(5) prohibits persons from "[a]id[ing] or abet[ing], directly or indirectly, any person, persons or organizations in evading or violating any of the provisions of [the ACA]."

192.    Defendant E-Service's above described conduct violated A.R.S. § 32-1055(D)(5).

193.    Defendant Ellis' above described conduct violated A.R.S. § 32-1055(D)(5).

194.    Defendant Ellis Law's above described conduct violated A.R.S. § 32-1055(D)(5).

195.    Plaintiffs have an implied private right of action to enforce the ACA. *See, e.g., Kost v. Scott Lowery Law Office PC*, 14-cv-00146-PHX-DJH, 2014 U.S. Dist. LEXIS 93800 *6-*9; 2014 WL 3368467 (D. Az. July 20, 2014).

WHEREFORE, for the reasons set forth above, Plaintiffs are entitled to the following relief:

    a. a declaration that the conduct of Defendants Ellis, Ellis Law and E-Service violated A.R.S. § 32-1051(3);

    b. a declaration that the conduct of Defendant Ellis violated A.R.S. § 32-1051(4);

    c. a declaration that the conduct of Defendants Ellis, Ellis Law and E-Service violated A.R.S. § 32-1055(D)(5);

    d. actual damages and punitive damages, to the extent applicable; and

    e. reasonable attorney's fees and costs.

**Count VIII – Declaratory Judgment**

196.    Plaintiff Kim reasserts and realleges Paragraphs 1-66 as if fully set forth in this Count.

197.    Plaintiff Kim did not receive any dental services from Defendant Town Square Dental.

198.    To the extent that this Honorable Court determines that any acts and/or omissions of any or all of the Defendants should result in the Court declaring that Plaintiff Madril is not liable for the Subject Debt and/or any of attorney's fees and/or collection fees sought by Defendant E-Service, by and through Defendants Ellis and Ellis Law, Plaintiff Kim seeks a similar declaration as to his alleged liability for the Subject Debt and/or any of attorney's fees and/or collection fees sought by Defendant E-Service, by and through Defendants Ellis and Ellis Law.

WHEREFORE, for the reasons set forth above, Plaintiff Kim is entitled to the following relief:

    a. a declaration that Plaintiff Kim is not liable for the Subject Debt;

24

b.  a declaration that Plaintiff Kim is not liable for any attorney's fees sought by Defendant E-Service, by and through Defendants Ellis and Ellis Law;

c.  a declaration that Plaintiff Kim is not liable for any collection fees sought by Defendant E-Service, by and through Defendants Ellis and Ellis Law;

d.  reimbursement for the costs of bring this action; and

e.  reasonable attorneys' fees, as awarded by the Court.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

DATED: January 21, 2022

Respectfully submitted,

**ACELIA L. MADRIL & JAMES KIM**

By: */s/ James C. Vlahakis*

James C. Vlahakis
**Sulaiman Law Group, Ltd.**
2500 S. Highland Ave. Ste. 200
Lombard, Illinois 60148
Telephone: 630-575-8181
jvlahakis@sulaimanlaw.com